AO 106 (Rev. 04/10) Application for a Search Warrant

**FILED**

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 31 2018

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

The Cellular Telephone Assigned Call Number
505-582-4555

)
)
)   Case No. 18MR672
)
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ District of ___New Mexico___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☐ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☒ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1201(a)(1) | Kidnapping |
| 18 U.S.C. § 2119 | Carjacking |
| 18 U.S. Code § 1951 | Interference with Commerce by Threats or Violence (Hobbs Act) |

The application is based on these facts:
See attached affidavit.

☒ Continued on the attached sheet.

☒ Delayed notice of ___ days (give exact ending date if more than 30 days: October 1, 2018) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Daniel Fondse, Special Agent - FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 7/31/18

_____
*Judge's signature*

City and state: Albuquerque, New Mexico        Steven C. Yarbrough, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER 505-582-4555 | Case No. _____<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, **Daniel Fondse**, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 505-582-4555, (the "Target Cell Phone"), whose service provider is T-Mobile, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, NJ 07054. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. I am a Special Agent with the Federal Bureau of Investigation. I have been so employed since May, 2017. I am therefore authorized to investigate federal criminal offenses. I am currently a member of the Violent Crimes Squad of the Albuquerque Division of the FBI. I have received on the job training from other experienced agents and detectives in the investigations of violent crimes. Prior to joining the FBI, I spent three years as a sworn law enforcement officer of the San Diego Police Department. My investigative training and experience includes, but is not limited to, conducting surveillance, interviewing subjects, victims, and witnesses, writing affidavits for and executing search and arrest warrants, managing

cooperating sources, issuing subpoenas, collecting evidence, and analyzing public records. I also received both Bachelor and Master of Science degrees in Mechanical Engineering.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 1201(a)(1) - Kidnapping, 18 U.S.C. § 2119 - Carjacking, 18 U.S. Code § 1951 - Interference with Commerce by Threats or Violence (Hobbs Act), 18 U.S.C. § 371 - Conspiracy, and 18 U.S.C. § 2 - Aiding and Abetting have been committed by Jose Ramirez. Ramirez was charged with these crimes on and is the subject of an arrest warrant issued on July 27, 2018. There is also probable cause to believe that Jose Ramirez is aware of these charges, or is aware that he is a suspect in a kidnapping investigation and is wanted by law enforcement, and has fled. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting Jose Ramirez, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

## PROBABLE CAUSE

5. The United States, including the Federal Bureau of Investigation, is conducting a criminal investigation of Jose Ramirez regarding possible violations of 18 U.S.C. § 1201(a)(1) - Kidnapping, 18 U.S.C. § 2119 - Carjacking, 18 U.S. Code § 1951 - Interference with Commerce by Threats or Violence (Hobbs Act), 18 U.S.C. § 371 - Conspiracy, and 18 U.S.C. § 2 - Aiding and Abetting.

6.     On July 26, 2018 a kidnapping was reported to the Federal Bureau of Investigations (FBI), Albuquerque Division. The reporting party stated they were unable to locate or contact the victim, a family member. The reporting party stated they received approximately five phone calls on July 26, 2018 from person(s) alleging to have kidnapped the victim and who demanded money from the reporting party. The phone number(s) used to place the calls to the reporting party were blocked. By analyzing cellular phone records obtained through exigent circumstances, FBI personnel determined the Target Cell Phone placed five phone calls on July 26, 2018 to the reporting party, which corresponded to the times the reporting party was contacted by the alleged kidnapper(s). T-Mobile records show the subscriber of the Target Cell Phone is Jose Ramirez, the subscriber address is 10317 Jenaro St SW, Albuquerque, NM 87121 and the subscriber name effective date was July 03, 2018. The kidnapping victim later stated Jose Ramirez was known to them. Ramirez is currently the subject of an active federal arrest warrant issued on July 27, 2018 for alleged violation of 18 U.S.C. § 1201(a)(1) - Kidnapping, 18 U.S.C. § 2119 - Carjacking, 18 U.S. Code § 1951 - Interference with Commerce by Threats or Violence (Hobbs Act), 18 U.S.C. § 371 - Conspiracy, and 18 U.S.C. § 2 - Aiding and Abetting in relation to the previously described incidents. On July 27, 2018, shortly after the victim was located, law enforcement officers attempted to locate Jose Ramirez at 10317 Jenaro St SW, Albuquerque, NM 87121, the subscriber address listed for the Target Cell Phone. Due to the nature of the offenses he may be aware of the law enforcement investigation into this incident and may be taking active measures to avoid law enforcement. As such, it may take significant time and resources to locate Jose Ramirez, establishing probable cause to monitor the Target Cell Phone for up to 30 days after the alleged kidnapping.

7.  Your Affiant knows from his training and experience that criminals frequently use electronic devices, such as cellular phones, to coordinate and promote criminal acts. Electronic communication can be used to coordinate with accomplices or for such purposes as making logistical arrangements, arranging transportation, or disposing of evidence. Your Affiant knows from experience, most people carry a cellular phone on their person at all times. Information regarding the locations and communications associated with the cellular telephone are often useful and relevant as evidence in criminal investigations.

8.  There is also probable cause to believe that the locations related to the Target Cell Phone will assist Law Enforcement in arresting Jose Ramirez pursuant to his active warrant.

9.  In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not

Case 1:18-mr-00672-SCY    Document 1    Filed 07/31/18    Page 6 of 10

necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

10.     Based on my training and experience, I know that T-Mobile can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available.

11.     Based on my training and experience, I know that T-Mobile can collect cell-site data about the Target Cell Phone.

## AUTHORIZATION REQUEST

12.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

13.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as

5

defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

14. I further request that the Court direct T-Mobile to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-Mobile. I also request that the Court direct T-Mobile to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

15. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

16. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

_____
Daniel Fondse
Special Agent
Federal Bureau of Investigation


Subscribed and sworn to before me on July 31, 2018

_____
UNITED STATES MAGISTRATE JUDGE

7

## **ATTACHMENT A**

### **Property to Be Searched**

1. The cellular telephone assigned call number 505-582-4555 (the "Target Cell Phone"), whose wireless service provider is T-Mobile, a company headquartered at 4 Sylvan Way, Parsippany, NJ 07054.

2. Information about the location of the Target Cell Phone that is within the possession, custody, or control of T-Mobile, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile, T-Mobile is required to disclose the Location Information to the government. In addition, T-Mobile must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile's services, ~~including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government~~. The government shall compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).